**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

AMERICAN HONDA MOTOR CO., INC.,

Plaintiff,

vs.

ST. PAUL FIRE & MARINE INSURANCE CO.; ZURICH AMERICAN INSURANCE CO.; NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH; ARCH SPECIALTY INSURANCE CO.; and AMERICAN GUARANTEE AND LIABILITY INSURANCE CO.;

Defendants.

---

ST. PAUL FIRE & MARINE INSURANCE CO.,

Crossclaim Plaintiff,

vs.

ZURICH AMERICAN INSURANCE CO. and AMERICAN GUARANTEE AND LIABILITY INSURANCE CO.,

Crossclaim Defendants*.

---

ST. PAUL FIRE & MARINE INSURANCE CO.,

Third-Party Plaintiff,

vs.

STELLAR STRUCTURES, LLC; CONTINENTAL CASUALTY COMPANY; VALLEY FORGE INSURANCE COMPANY; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL FIRE INSURANCE COMPANY OF HARTFORD; and TRANSPORTATION INSURANCE COMPANY;

Third-Party Defendants.

**No. 03:11-cv-00344-HU**

**FINDINGS AND RECOMMENDATION ON MOTION TO SUBSTITUTE AND REALIGN PARTIES, AND MOTION FOR STAY**

---

*Both Crossclaim Defendants have been dismissed with prejudice as primary Defendants, but remain as Crossclaim Defendants.

Michael E. Farnell
James Lee Guse
Emily S. Miller
Parsons Farnell & Grein, LLP
1030 S.W. Morrison Street
Portland, OR 97205

Dean E. Aldrich
The Aldrich Law Office, PC
319 S.W. Washington Street, Suite 1200
Portland, OR 97204

Attorneys for American Honda Motor Co., Inc.

Thomas Lether
Eric Jay Neal
Lether & Associates, PLLC
3316 Fuhrman Avenue East, Suite 250
Seattle, WA 98102

Attorneys for St. Paul Fire & Marine Insurance Co.

Linda B. Clapham
Sally S. Kim
Donald J. Verfurth
Gordon & Rees, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104

Attorneys for National Union Fire Insurance Co. of Pittsburgh

William G. Earle
Hanne Eastwood
Davis Rothwell Earle & Xochihua, PC
111 S.W. 5th Avenue, Suite 2700
Portland, OR 97204-3650

Attorneys for Arch Specialty Insurance Co.

Thomas W. Brown
Nicole M. Nowlin
Robert E. Sabido
Cosgrave Vergeer Kester, LLP
805 S.W. Broadway, 8th Floor
Portland, OR 97205

James L. Guse
Emily L. Miller
Parsons Farnell & Grein, LLP
1030 S.W. Morrison Street
Portland, OR 97205

Attorneys for Zurich American Insurance Co. and American Guarantee and Liability Insurance Co.

Michael E. Farnell
James Lee Guse
Emily S. Miller
Parsons Farnell & Grein, LLP
1030 S.W. Morrison Street
Portland, OR 97205

Christopher A. Rycewicz
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, OR 97204

Attorneys for Stellar Structures, LLC

Nicholas A. Nardi
David E. Prange
Prange Law Group, LLC
111 S.W. Fifth Avenue, Suite 2120
Portland, OR 97204

Attorneys for Continental Casualty Company; Valley Forge Insurance Company; American Casualty Company of Reading, Pennsylvania; National Fire Insurance Company of Hartford; and Transportation Insurance Company

HUBEL, Magistrate Judge:

This case is before the court on two motions filed by the plaintiff - a Motion to Stay (Dkt. #147), and a Motion for Substitution and Realignment to Reflect the Real Parties in Interest (Dkt. #152). In my Order entered April 4, 2012 (Dkt. #130), I discussed the procedural history of this case in some detail, and will not repeat the discussion here. In a nutshell, this case concerns which one or more of the many insurance companies who are parties in the case, if any, must pay a multi-million-dollar judgment obtained by the plaintiff against Opus Northwest, LLC ("Opus"), in connection with damage Honda sustained to its distribution facility located in Gresham, Oregon. The parties are identified herein as "Honda" for American Honda Motor Co., Inc.; "St. Paul" for St. Paul Fire & Marine Insurance Co.; "National Union" for National Union Fire Insurance Co. of Pittsburgh; and "Stellar" for Stellar Structures, LLC. Stellar, Continental Casualty Company; Valley Forge Insurance Company; American Casualty Company of Reading, Pennsylvania; National Fire Insurance Company of Hartford; and Transportation Insurance Company; are referred to collectively as "Stellar's Insurers."

Both of the current motions are fully briefed, and the court heard oral argument on the motions on June 20, 2012. Having considered the parties' arguments fully, I recommend granting Honda's motion to stay the case, but issuing the stay for a definite period, rather than an unlimited period. Because I recommend the case be stayed, I further recommend that a decision on the motion to substitute and realign the parties be delayed until the stay is lifted.

***DISCUSSION***

Honda asks the court to stay this action until the Oregon Supreme Court rules on a current appeal from a decision by the Oregon Court of Appeals in *Morgan v. Amex Assurance Co.*, 242 Or. App. 665, 259 P.3d 39 (2011) (a copy of which has been submitted by Honda as an Appendix to its motion, at Dkt. #151). Honda argues the outcome of the *Morgan* appeal "will directly determine whether ORS 742.061 (Oregon's attorney fee statute for insurance coverage actions) clearly applies in the instant coverage action on the subject policies." Dkt. #147, pp. 2-3. Stated differently, Honda claims the issue on appeal in *Morgan* will directly affect Honda's entitlement to attorney's fees in the instant case, which will make a dramatic difference in the way Honda approaches this case as it continues. Dkt. #148, pp. 2-3.

The issue in *Morgan* is whether ORS § 742.061 applies to insurance policies issued outside the State of Oregon. Falling within Title 56, Chapter 742, of the Oregon Revised Statutes, comprising Oregon's Insurance Code, ORS § 742.061, entitled "Attorney fees in actions on policy; exceptions," provides, in relevant part, as follows:

> (1) . . . [I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. . . .

ORS § 742.061(1). On its face, the statute appears to allow recovery of attorney fees "upon any policy of insurance of any kind

or nature." However, in *Morgan*, the trial court held "ORS 742.001 limits the scope of chapter 742, including ORS 742.061, to 'insurance policies delivered or issued for delivery in this state[.]'" *Morgan*, 242 Or. App. at 667, 259 P.3d at 39-40. The Oregon Court of Appeals agreed. *Id.*

Section 742.001, entitled "Application of ORS chapters 742, 743 and 743A," provides, "This chapter [i.e., chapter 742] and ORS chapters 743 and 743A apply to all insurance policies **delivered or issued for delivery in this state** except: (1) Reinsurance. (2) West marine and transportation insurance policies. (3) Surplus lines insurance policies." ORS § 742.001 (emphasis added). The *Morgan* plaintiff argued ORS § 742.061 predated the enactment of ORS § 742.001, and originally was not part of chapter 742. The plaintiff reasoned "the later enactment of ORS 742.001 and recodification of ORS 742.061, which brought those provisions together in the same chapter, were not intended to narrow the effect of ORS 742.061." *Id.*, 242 Or. App. at 669, 259 P.3d at 40. The plaintiff further argued that because ORS § 742.061 more specifically expresses the legislative intent, it controls over the more general expression of legislative intent in ORS § 742.001. *Id.*

The defendant urged the court to give effect to both provisions, operating together, with the result that ORS § 742.061 would apply only "to insurance policies delivered or issued for delivery in Oregon[.]" *Id.*, 242 Or. App. at 669, 259 P.3d at 41.

The Oregon Court of Appeals found the two provisions easily can be read together, and they can be interpreted consistently, in a way that gives effect to both statutes. The court observed that by holding ORS § 742.061 applicable to "'any' insurance policy

'delivered or issued for delivery' in Oregon[,] [t]hat construction makes the text of both statutes consistent: it limits the geographical operation of ORS 742.061 and, at the same time, recognizes that the statute applies broadly to any type of insurance policy." *Id.*, 242 Or. App. at 670, 259 P.3d at 41. The court reasoned this construction "does no violence to ORS 742.061." *Id.*

The Oregon Supreme Court allowed review on October 20, 2011, and heard oral argument on March 9, 2012. Honda urges the court to stay the present action until the Oregon Supreme Court rules in *Morgan*, asserting the ruling "will fundamentally alter the landscape of the instant litigation." Dkt. #148, p. 4. Honda notes all of the insurance policies at issue in the present case were delivered outside of Oregon. Therefore, knowing whether or not attorney's fees will be available to Honda will determine how it proceeds with its claims and defenses in this case, as well as affecting how Honda may value the case for settlement purposes. Dkt. #148, *passim*.

National Union and St. Paul have filed individual responses in opposition to Honda's motion. National Union argues every litigant faces the possibility that it will not recover attorney's fees, and such uncertainty is not a proper basis for staying the case. National Union asserts the basis of this action is the coverage issue; any attorney's fee issue will not arise until the end of the case. Dkt. #161. At oral argument on the motion, National Union continued to maintain its opposition to a stay.

St. Paul argues Honda is requesting a stay "*of its own lawsuit* in order to gain a tactical advantage premised on a <u>potential</u>

change in the law." Dkt. #164, p. 3 (emphasis in original). St. Paul also intimates Honda knew the *Morgan* case was pending before the Oregon Court of Appeals at the time it filed this action. *See id.*, p. 2. Notably, although St. Paul continues to resist an open-ended stay to await the *Morgan* decision, at oral argument St. Paul indicated it does not oppose a limited stay until the end of October 2012.

With regard to the standards for staying an action, Honda relies on *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979), which Honda notes was "cited as authoritative" by the court in *Oregon-Columbia Brick Masons Joint Apprenticeship Training Committee v. Oregon Bureau of Labor & Industries*, 2003 WL 25731112, at *2 (D. Or. May 9, 2003) (King, J.). The *Leyva* court observed that a court may stay an action pending resolution of any type of independent proceeding (whether "judicial, administrative, or arbitral in character") that may bear upon the case before the court. *Leyva*, 593 F.2d at 863-64. However, the *Leyva* court further noted that "a stay should not be granted unless it appears likely other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented in this court." *Id.*, 593 F.2d at 864 (quoted with approval by the court in *Center for Biological Diversity v. Henson*, 2009 WL 1882827, at *3 (D. Or. June 30, 2009) (Coffin, M.J.)). Honda offers statistics regarding the timing of the Oregon Supreme Court's issuance of decisions suggesting a decision in the *Morgan* case reasonably can be anticipated by the end of October 2012.

Both National Union and St. Paul argue *Leyva* is distinguishable from the case at bar. National Union notes that in *Leyva*, there was a parallel arbitration proceeding concurrent with the court action, and the court determined it would be a waste of judicial resources and a burden on the parties for both proceedings to continue at the same time. *See Leyva*, 593 F.2d at 864. National Union argues similar considerations do not exist in this case, where there is no ongoing, parallel proceeding regarding the coverage issues. Dkt. #161, p. 11.

St. Paul argues *Leyva* was displaced by the four-part test established by the United States Supreme Court in *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009). In *Nken*, the Court observed that the decision in an appeal may, under certain circumstances, "come too late for the party seeking review," and therefore, "as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken*, 556 U.S. at 421, 129 S. Ct. at 1753. The Court described what it called "the 'traditional' standard for a stay," as follows:

> Under that standard, a court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Nken*, 556 U.S. at 426, 129 S. Ct. at 1756 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987)).

Honda argues the four-factor test does not apply to the type of stay it requests here. Rather, Honda argues, the four-factor test applies only in the context of a request to stay a court order pending an appeal of that same order. Dkt. #168, p. 4. The court agrees with Honda's interpretation of *Nken*. The *Hilton* decision, upon which the *Nken* Court relied, discusses the four-factor test's relationship to Federal Rule of Civil Procedure 62(c), which specifies the rules for issuance of an injunction to secure a judgment creditor's rights pending an appeal, and Federal Rule of Appellate Procedure 8(a), which also deals with the procedure for staying execution of a judgment or operation of an order of a district court pending appeal. The *Nken* decision, itself, dealt with a request to block the removal of an alien from this country pending appeal of the removal order. As Honda notes in its reply brief, the four-factor test actually dates back as far as 1958, when it was discussed by the court in *Virginia Petroleum Jobbers Association v. Federal Power Commission*, 259 F.2d 921, 925 (D.C. Cir. 1958). It is not inconsequential, therefore, that the *Leyva* court cited other cases from the United States Supreme Court and other federal appellate courts without ever mentioning the four-factor test.

Decades ago, the United States Supreme Court made observations regarding motions to stay that remain equally applicable today:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. [Citations omitted.] True, the suppliant for

> a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. Considerations such as these, however, are counsels of moderation rather than limitations upon power. . . .

*Landis v. North Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936)).

The "competing interests" that must be balanced in considering a motion for stay include "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Having considered the parties' competing interests in this case, and also in light of St. Paul's indication that it does not oppose a limited stay, I find Honda's motion should be **granted in part**, with the case being stayed until **October 31, 2012**, with one exception; i.e., the pending arbitration between Honda, Stellar, and Stellar's Insurers may proceed without abatement.

In light of my recommendation that this case be stayed until October 31, 2012, I further recommend the court **reserve ruling** on Honda's motion to substitute and realign parties until the stay has been lifted. Should the District Judge adopt my recommendation, a separate order will be entered extending all current deadlines in

this case by four months and ten days; i.e., the amount of time between today's date and October 31, 2012.

***SCHEDULING ORDER***

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **July 9, 2012.** If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **July 26, 2012.** By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 20th day of June, 2012.

/s/ Dennis J. Hubel

Dennis James Hubel
Unites States Magistrate Judge