**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| AMERICAN HONDA MOTOR CO., INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| ST. PAUL FIRE & MARINE INSURANCE CO. and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, | ) **No. 03:11-cv-00344-HU** |
| Defendants. | ) |
| ST. PAUL FIRE & MARINE INSURANCE CO., | ) |
| Crossclaim Plaintiff, | ) |
| vs. | ) **FINDINGS AND RECOMMENDATION ON MOTION FOR SUBSTITUTION AND REALIGNMENT OF PARTIES** |
| ZURICH AMERICAN INSURANCE CO. and AMERICAN GUARANTEE AND LIABILITY INSURANCE CO., | ) |
| Crossclaim Defendants[1]. | ) |
| ST. PAUL FIRE & MARINE INSURANCE CO., | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| STELLAR STRUCTURES, LLC; CONTINENTAL CASUALTY COMPANY; VALLEY FORGE INSURANCE COMPANY; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL FIRE INSURANCE COMPANY OF HARTFORD; and TRANSPORTATION INSURANCE COMPANY; | ) |
| Third-Party Defendants. | ) |

---

[1] Both Crossclaim Defendants have been dismissed with prejudice as primary Defendants, but remain as Crossclaim Defendants.

1 - FINDINGS AND RECOMMENDATION

```
 1  Michael E. Farnell
    Emily S. Miller
 2  Parsons Farnell & Grein, LLP
    1030 S.W. Morrison Street
 3  Portland, OR 97205

 4  Dean E. Aldrich
    The Aldrich Law Office, PC
 5  319 S.W. Washington Street, Suite 1200
    Portland, OR 97204
 6
              Attorneys for American Honda Motor Co., Inc.
 7

 8  Thomas Lether
    Eric Jay Neal
 9  Lether & Associates, PLLC
    3316 Fuhrman Avenue East, Suite 250
10  Seattle, WA  98102

11            Attorneys for St. Paul Fire & Marine Insurance Co.

12

13  Linda B. Clapham
    Sally S. Kim
14  Donald J. Verfurth
    Gordon & Rees, LLP
15  701 Fifth Avenue, Suite 2100
    Seattle, WA 98104
16
              Attorneys for National Union Fire Insurance Co.
17            of Pittsburgh

18

19  Thomas W. Brown
    Nicole M. Nowlin
20  Robert E. Sabido
    Cosgrave Vergeer Kester, LLP
21  805 S.W. Broadway, 8th Floor
    Portland, OR 97205
22

23  Michael E. Farnell
    Emily S. Miller
24  Parsons Farnell & Grein, LLP
    1030 S.W. Morrison Street
25  Portland, OR 97205

26            Attorneys for Zurich American Insurance Co. and
              American Guarantee and Liability Insurance Co.
27

28

    2 - FINDINGS AND RECOMMENDATION
```

Michael E. Farnell
Emily S. Miller
Parsons Farnell & Grein, LLP
1030 S.W. Morrison Street
Portland, OR 97205

Christopher A. Rycewicz
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, OR 97204

              Attorneys for Stellar Structures, LLC

Michael E. Farnell
Emily S. Miller
Parsons Farnell & Grein, LLP
1030 S.W. Morrison Street
Portland, OR 97205

              Attorneys for Continental Casualty Company; Valley Forge Insurance Company; American Casualty Company of Reading, Pennsylvania; National Fire Insurance Company of Hartford; and Transportation Insurance Company

HUBEL, Magistrate Judge:

    This case concerns which one or more of the many insurance companies who are parties in the case, if any, must pay a multi-million-dollar judgment obtained by the plaintiff against Opus Northwest, LLC ("Opus"), in connection with damage Honda sustained to its distribution facility located in Gresham, Oregon. The parties are identified herein as "Honda" for American Honda Motor Co., Inc.; "St. Paul" for St. Paul Fire & Marine Insurance Co.; "National Union" for National Union Fire Insurance Co. of Pittsburgh; and "Stellar" for Stellar Structures, LLC. Stellar, Continental Casualty Company; Valley Forge Insurance Company; American Casualty Company of Reading, Pennsylvania; National Fire

3 - FINDINGS AND RECOMMENDATION

Insurance Company of Hartford; and Transportation Insurance Company; are referred to collectively as "Stellar's Insurers."

The case is before the court on Honda's "Motion for Substitution and Realignment to Reflect the Real Parties in Interest." Dkt. #152. Although the motion was filed on May 21, 2012, consideration of the motion was deferred until after October 31, 2012, by order dated July 17, 2012, Dkt. #175, in light of the shifting landscape of the case. The shifting of the parties' relative positions now appears to have ceased, for the most part, and the undersigned submits the following report and recommended disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B).

In the motion, Honda asks the court to direct Honda to file a Second Amended Complaint that names Honda as plaintiff in its own right, and as assignee and/or indemnitor of Opus Northwest, LLC ("Opus"), Zurich, American Guarantee, Stellar, and Stellar's Insurers, with St. Paul and National Union as the two named defendants. Honda also asks the court to direct St. Paul and National Union "to file their answers, affirmative defenses, and counterclaims against American Honda as the real party in interest (as judgment creditor, assignee, and/or indemnitor) on all claims presently asserted in this coverage action." Dkt. #152, p. 4. Honda asserts it is now the assignee and/or indemnitor of all parties in this case except St. Paul and National Union, and it argues the requested realignment of parties will "clarify, simplify, and streamline" the complex web of claims asserted in the case. *Id.* & Dkt. #169. Honda also asserts that substitution and realignment of the parties will result in a dramatic savings in terms of attorneys' fees. According to Honda, as long as its

4 - FINDINGS AND RECOMMENDATION

indemnitees continue to be named as parties in the case, each of them continues to have separate counsel monitor the case, and Honda is being billed for those attorneys' time as well as its own counsels' time.

St. Paul opposes the realignment proposed by Honda. Although Honda asserts that its proposed substitution and realignment of parties will not affect St. Paul's rights or remedies against any party, St. Paul disagrees. St. Paul argues it has the right to maintain its claims against those parties as to whom the claims are directed, in those parties' own names. It asserts Honda is assignee only of Opus and Zurich, whereas Honda is a voluntary indemnitor of Stellar and Stellar's Insurers. Honda is the party who brought this action, which St. Paul is forced to defend, and St. Paul should not be prejudiced because Honda's indemnitees now are uncomfortable, to some extent, with the terms of their settlements with Honda. St. Paul also disagrees that the requested realignment of parties would save resources, avoid confusion, avoid potential conflicts of interest, and facilitate efficient resolution of the claims in this action. Dkt. #162.

At a hearing on the motion on June 20, 2012, St. Paul acknowledged that a realignment of the parties might make sense, but argued it might be better to accomplish it at the pretrial order stage. I find realignment of the parties as Honda requests will remove multiple levels of complexity with regard to identifying the parties' respective claims against one another. Honda's counsel is already named as counsel of record for each of its assignors and indemnitees. I further see no benefit in waiting

5 - FINDINGS AND RECOMMENDATION

until the pretrial order stage to accomplish the realignment. I therefore recommend Honda's motion be **granted.**

### *SCHEDULING ORDER*

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due by **January 25, 2013.** If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **February 11, 2013.** By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this <u>8th</u> day of January, 2013.


/s/ Dennis J. Hubel

———————————————————
Dennis James Hubel
Unites States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION