# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **AMERICAN HONDA MOTOR CO., INC.,**<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>**ST. PAUL FIRE & MARINE INSURANCE CO.** and **NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH,**<br><br>　　　　　　　　Defendants. | No. **03:11-cv-00344-HU** |
| **ST. PAUL FIRE & MARINE INSURANCE, CO.,**<br><br>　　　　　　　　Crossclaim Plaintiff,<br><br>　　vs.<br><br>**ZURICH AMERICAN INSURANCE CO.** and **AMERICAN GUARANTEE AND LIABILITY INSURANCE CO.,**<br><br>　　　　　　　　Crossclaim Defendants. | **OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION** |
| **ST. PAUL FIRE & MARINE INSURANCE, CO.,**<br><br>　　　　　　　　Third-Party Plaintiff,<br><br>　　vs.<br><br>**STELLAR STRUCTURES, LLC; CONTINENTAL CASUALTY COMPANY; VALLEY FORGE INSURANCE COMPANY; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL FIRE INSURANCE COMPANY OF HARTFORD;** and **TRANSPORTATION INSURANCE COMPANY,**<br><br>　　　　　　　　Third-Party Defendants. | |

**SIMON, District Judge.**

On January 8, 2013, United States Magistrate Judge Dennis J. Hubel issued Findings and Recommendation in this case (Dkt. 194), recommending that the Court grant the Motion for Substitution and Realignment to Reflect the Real Parties in Interest (Dkt. 152) filed by Plaintiff American Honda Motor Co., Inc. ("American Honda"). Defendant St. Paul Fire & Marine Insurance Co. ("St. Paul") timely filed objections (Dkt. 202), to which American Honda has responded (Dkt. 208).

Under the Federal Magistrates Act, the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). Here, St. Paul has objected to the entirety of Judge Hubel's Findings and Recommendation.[1]

Judge Hubel found that realigning the parties "will remove multiple levels of complexity with regard to identifying the parties' respective claims against one another." Dkt. 194 at 5. He

---

[1] American Honda argues that Judge Hubel's Findings and Recommendation may only be set aside if clearly erroneous or contrary to law, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), because the pre-trial motion under consideration is not specified in 28 U.S.C. § 636(b)(1)(A) and is not otherwise dispositive. *See Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747-48 (9th Cir. 1990) ("any motion not listed [in 28 U.S.C. § 636(b)(1)(A)], nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine" and which the district court reviews for clear error); *United Indep. Ins. Agencies, Inc. v. Bank of Honolulu*, 963 F.2d 380, at *2 (9th Cir. May 15, 1992) (unpublished) (under the *Maisonville* standard, substitution of parties was a non-dispositive motion on which magistrate judge could rule directly). The Court notes that Judge Hubel did not himself *order* the realignment of parties under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), but instead *recommended* that an Article III judge order the realignment, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The Court need not reach this argument, however, as it adopts the Findings and Recommendation upon *de novo* review.

OPINION & ORDER – Page 2

also noted that American Honda's counsel had already been named counsel of record for each of its assignors and indemnitees. *Id.*[2] This is a reasonable conclusion, given the number of parties, claims, and cross-claims in this case. Further, as St. Paul has itself recognized, it is within a court's inherent power and sound discretion to substitute or realign parties if doing so will benefit the case. *See* Dkt. 162 at 9.

St. Paul's objections to the Findings and Recommendation do not cast doubt on Judge Hubel's determination. American Honda's motion to realign the parties is not the functional equivalent of a motion to dismiss three of the parties; all claims against those parties may still be brought against American Honda as their assignee or indemnitor. Indeed, American Honda would represent all of those parties as counsel of record even if American Honda's motion were denied. The Court does not foresee the resulting alignment causing greater jury confusion or trial complexity than would the prior overlapping sets of claims, cross-claims, and third-party claims. St. Paul argues that Federal Rules of Procedure 17 and 25 do not provide a procedural basis for American Honda's motion for realignment, but even if this were true, the realignment requested by American Honda falls within the inherent power and sound discretion of a court to manage cases before it.[3]

The Court therefore orders that Judge Hubel's Findings and Recommendation (Dkt. 194) are ADOPTED. American Honda's Motion for Substitution and Realignment to Reflect the Real Parties in Interest (Dkt. 152) is GRANTED.

---

[2] St. Paul's fourth objection does not appear to account for this rationale as clearly articulated by Judge Hubel.

[3] St. Paul also objects that it did not intend to concede or waive its arguments against realignment at the hearing before Judge Hubel. The Court has reviewed Judge Hubel's Findings and Recommendation with this caveat in mind and finds that St. Paul's concession (or lack thereof) has no bearing on the outcome of American Honda's motion.

OPINION & ORDER – Page 3

IT IS SO ORDERED.

Dated this 15th day of March, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

OPINION & ORDER – Page 4